UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>   Plaintiff,<br><br> v.<br><br>AUTO PLUS TOWING,<br><br>   Defendant. | Case No. 23-cv-03285-TLT<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

  On June 30, 2023, Plaintiff Anthony McGee ("Plaintiff"), proceeding *pro se*, filed a complaint against Auto Plus Towing ("Defendant"). *See* Pl. ['s] Compl. ("Compl."), ECF No. 1. Plaintiff's complaint alleges "acts of fraud" against Defendant in violation of the "United States Code" and alleged violations of California's "towing law of 2021." *Id.* ¶¶ 2, 6,11

  "Federal courts are courts of limited jurisdiction…." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). Courts have a duty to consider its subject matter jurisdiction *sua sponte*, Fed. R. Civ. P. 12(h)(3), and the plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If the court determines it lacks subject matter jurisdiction, it may dismiss an action *sua sponte*. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002); 28 U.S.C. §§ 1331-32.

  Here, it is unclear here whether the Court has federal question jurisdiction over this case. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331. Plaintiff brings his "acts of

1  fraud" claim against Defendant under the "United States Code," but he fails to specify which
2  federal statutes or codes apply to his claim. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475
3  (1998) ("[T]he presence or absence of federal-question jurisdiction is governed by the 'well-
4  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal
5  question is presented on the face of the plaintiff's properly pleaded complaint.") (quoting
6  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

7  It is also unclear whether the parties are diverse and whether the amount in controversy in
8  this matter exceeds the sum or value of $75,000 to establish diversity jurisdiction. 28 U.S.C. §
9  1332. A district court has diversity jurisdiction where the parties are diverse and "the matter in
10 controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* at §
11 1332(d)(2). Parties are diverse when the parties are "citizens of different states." *Id.* at §
12 1332(a)(1). A corporation is considered a citizen of both the state in which it is incorporated and
13 the state where it has its principal place of business. *Id.* at § 1332 (c)(1). A natural person's state
14 of citizenship is determined by the state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d
15 853, 857 (9th Cir. 2001).

16 Here, Plaintiff alleges that Defendant "is a towing company operating out of the State of
17 California whose base of primary operations is located in Oakland, CA." Compl. ¶ 3. Therefore,
18 based on Plaintiff's allegations, Defendant is a citizen of California. Similarly, Plaintiff lists his
19 address as "1025 Mckay Dr. #37, San Jose, CA 95131," which indicates he is also a citizen of
20 California. *See* Compl. Because both Plaintiff and Defendant are citizens of California, there is
21 no diversity of citizenship to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

22 Finally, federal courts have diversity jurisdiction over civil actions "where the matter in
23 controversy exceeds the sum or value of $75,000…." 28 U.S.C. § 1332(a). In his complaint,
24 Plaintiff alleges that he was injured because he "did not receive a fifty-four ($54.00) dollar
25 rebate," and he was "charged a total of $390.00 for storage fees and towing fees." Compl. ¶¶ 9-
26 10. However, these alleged amounts, alone, do not exceed the $75,000 amount in controversy
27 required to establish diversity jurisdiction. As such, it is unclear whether the amount in
28 controversy requirement is satisfied to establish diversity jurisdiction over this action.

1     As it is not clear that the Court has subject matter jurisdiction over this action, by no later
2 than **July 24, 2023**, Plaintiff shall explain in writing why this case should not be dismissed for
3 lack of subject matter jurisdiction.  *See Leite*, 749 F.3d at 1121 (holding that the plaintiff bears the
4 burden of establishing the existence of subject matter jurisdiction.).  Alternatively, Plaintiff may
5 respond to this order to show cause by filing a second amended complaint by **July 24, 2023**,
6 which clearly and simply states (1) the basis for subject matter jurisdiction, (2) the claim Plaintiff
7 seeks to bring in federal court against Defendant (*see* Fed. R. Civ. P. 8), and (3) the specific
8 action(s) Defendant allegedly took, or failed to take, and the injury resulting from the claim.

9     The Court further advises Plaintiff that the District Court has produced a guide for self-
10 represented/*pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se*
11 Litigants, which provides instructions on how to proceed at every stage of a case, including
12 discovery, motions, and trial.  It is available electronically online.  The Court also advises Plaintiff
13 that assistance is available through the Legal Help Center. Parties can make an appointment to
14 speak with an attorney who can provide basic legal information and assistance.  The Help Center
15 does not see people on a "drop-in" basis and will not be able to represent parties in their cases.
16 There is no charge for this service. The website is available at https://cand.uscourts.gov/legal-help.

17  **IT IS SO ORDERED.**

18 Dated: July 3, 2023

_____
TRINA L. THOMPSON
United States District Judge