UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO PLUS TOWING,<br><br>    Defendant. | Case No. 23-cv-03285-TLT<br><br>**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF No. 7 |

On June 30, 2023, Plaintiff Anthony McGee ("Plaintiff"), proceeding *pro se*, filed a complaint against Auto Plus Towing ("Defendant"). *See* Pl. ['s] Compl., ECF No. 1. Plaintiff's complaint alleges "acts of fraud" against Defendant in violation of the "United States Code" and alleged violations of California's "towing law of 2021." *Id.* ¶¶ 2, 6, 11.

On July 5, 2023, the Court ordered Plaintiff to respond to an Order to Show Cause ("OSC") why it should not dismiss this action for lack of subject matter jurisdiction. *See* ECF No. 5. As the Court explained in its OSC,

> "Federal courts are courts of limited jurisdiction…." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). Courts have a duty to consider its subject matter jurisdiction *sua sponte*, Fed. R. Civ. P. 12(h)(3), and the plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If the court determines it lacks subject matter jurisdiction, it may dismiss an action *sua sponte*. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002); 28 U.S.C. §§ 1331-32.
>
> Here, it is unclear here whether the Court has federal question jurisdiction over this case. Federal question jurisdiction under 28

U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331. Plaintiff brings his "acts of fraud" claim against Defendant under the "United States Code," but he fails to specify which federal statutes or codes apply to his claim. See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

It is also unclear whether the parties are diverse and whether the amount in controversy in this matter exceeds the sum or value of $75,000 to establish diversity jurisdiction. 28 U.S.C. § 1332. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* at § 1332(d)(2). Parties are diverse when the parties are "citizens of different states." *Id.* at § 1332(a)(1). A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *Id.* at § 1332 (c)(1). A natural person's state of citizenship is determined by the state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff alleges that Defendant "is a towing company operating out of the State of California whose base of primary operations is located in Oakland, CA." Compl. ¶ 3. Therefore, based on Plaintiff's allegations, Defendant is a citizen of California. Similarly, Plaintiff lists his address as located in San Jose, CA, which indicates he is also a citizen of California. *See* Compl. Because both Plaintiff and Defendant are citizens of California, there is no diversity of citizenship to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

Finally, federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000…." 28 U.S.C. § 1332(a). In his complaint, Plaintiff alleges that he was injured because he "did not receive a fifty-four ($54.00) dollar rebate," and he was "charged a total of $390.00 for storage fees and towing fees." Compl. ¶¶ 9-10. However, these alleged amounts, alone, do not exceed the $75,000 amount in controversy required to establish diversity jurisdiction. As such, it is unclear whether the amount in controversy requirement is satisfied to establish diversity jurisdiction over this action.

ECF No. 5. The Court ordered Plaintiff to file a response to the OSC by no later than August 7, 2023.[1] Alternatively, the Court advised Plaintiff that he may respond to the OSC by filing a

---

[1] On July 24, 2023, Plaintiff filed a timely request to extend the deadline to file a response to the OSC from July 24, 2023, to August 7, 2023. *See* ECF No. 6. The Court granted Plaintiff's request and set an August 7, 2023, deadline for Plaintiff to respond to the OSC. ECF No. 7.

second amended complaint by August 7, 2023, which clearly and simply states (1) the basis for subject matter jurisdiction, (2) the claim Plaintiff seeks to bring in federal court against Defendant (*see* Fed. R. Civ. P. 8), and (3) the specific action(s) Defendant allegedly took, or failed to take, and the injury resulting from the claim.  ECF Nos. 5-7.

To date, Plaintiff has not complied with the OSC.  Accordingly, for good cause appearing, the Court hereby **DISMISSES** this action without prejudice for lack of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (The plaintiff bears the burden of establishing the existence of subject matter jurisdiction.); *see also* Fed. R. Civ. P. 12(h)(3) (Courts have a duty to consider its subject matter jurisdiction *sua sponte*.); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (If a court determines it lacks subject matter jurisdiction, the court may dismiss the action *sua sponte*.); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter…is inflexible and without exception.").

This Order terminates this action.[2]

**IT IS SO ORDERED.**

Dated: August 8, 2023

TRINA L. THOMPSON
United States District Judge

---

[2] The Court notes that Plaintiff may refile this action in an appropriate California Superior Court.